LEAR, Judge.
Plaintiff alleges a lease, evidenced in writing, of a “Speedcat Tractor”, with accessories, to defendant. Averring a total loss of this equipment on May 25, 1966, he points to a provision of the writing which says:
“Lessee assumes all responsibility for equipment while out of possession of the lessor and promises to return such equipment to the lessor in as good condition as it was at the effective date of the lease * *
and asks for judgment in the sum of $3,-190.52 plus 8% interest from July 25, 1966, until paid.
The principal demand is broken down into a claim of $2,440.52, being the alleged value of the equipment, and a claim for $750.00 loss of rental.
The amount and date of the interest demanded stems from a provision of the written lease as follows:
“All charges are due and payable at par, at office of lessor in Alexandria, Louisiana, with interest of 8% charged after 60 days”.
Defendant admits the. lease, receipt of the equipment and his failure to return the “Speedcat” to petitioner. However, he denies the value placed thereon and surprisingly pleads contributory negligence to the action ex contractu.
Assuming the position of third party plaintiff, defendant proceeds to bring in Turrentine Company, Inc., and its insurer, Continental Insurance Company, by alleging that he had engaged Turrentine Company, Inc., as an independent contractor to raise and lower the “Speedcat” to and from the roofs of certain buildings; that it was during one of these operations that the damage occurred and hence, either through the doctrine of res ipsa loquitur or the provable negligence of Turrentine, any judgment against defendant should result in like judgment in favor of defendant. against third party defendants, Turrentine and Continental, in their corporate capacities and insurance relationship.
They admit that Turrentine was an independent contractor engaged “ * * * to raise plaintiff’s equipment from the ground to the roof and to lower the equipment from the roof to the ground on a rack furnished by plaintiff to defendant for this purpose”.
They admit that Turrentine was in the process of lowering the plaintiff’s equipment from the roof of a building to the ground when the equipment rolled off the *709 hoisting rack, or frame, and fell to the ground, causing damage to the equipment.
They deny any negligence on the part of Turrentine and allege, both directly and by means of the plea of contributory negligence, that the fault causing this mishap was that of one of defendant Williams’s employees who failed to place the tractor in the hoisting cage (also called rack, frame and platform) and adequately “brake” it by placing it in gear or otherwise.
After trial, judgment in the sum of $1,-800.00 was given in favor of plaintiff against defendant, Edgar M. Williams, with legal interest from judicial demand. Judgment in favor of Williams against third party defendants was denied. Defendant appealed to this court and plaintiff answered the appeal asking for an increase in the award.
This court has no difficulty in agreeing with the trial judge that petitioner must have judgment for the value of the destroyed equipment. Defendant assumed absolute responsibility for its return in the same condition received. By his own admission, such return was not made and, in fact, was impossible of being made. Therefore, the only way plaintiff can be made whole is by the rendition of a money judgment.
However, the evaluation of the equipment and the establishment of the amount of the loss is not easily determined.
First, let us say that the prayer for $750.-00 damages for loss of rental was speculative in its inception and has been waived on appeal. This is likewise true as respects the prayer for interest at 8% commencing July 25, 1966. In his answer to the appeal, plaintiff asks for an increase in the award from $1,800.00 to $2,440.52, together with legal interest from date of judicial demand until paid. The latter figure is, of course, that evaluation placed on the equipment in the initial petition.
The district court awarded the sum of $1,800.00 primarily on the testimony of a Mr. Vincent Grosjean, who testified that he had discussed purchasing the “Speedcat” from plaintiff and that plaintiff had set a price of either $1,500.00 or $1,800.00, the witness not being able to remember which. However, he could not remember whether this price included attachments or, if so, which ones.
On the other hand, plaintiff testified that he had computed the value of the unit, with attachments, by taking the basic price and depreciating it for the age of the machine, arriving at the amount sued for. He did testify that he would have sold it for less because it had been a piece of rental revenue-producing equipment and he would have been willing to get his investment out of it. But this is not the test. Plaintiff, as any person, is entitled to receive the replacement or market value.
Concurring with the trial court’s observation that all of the testimony relating to value was somewhat vague and unsatisfactory. We find no manifest error in the court’s award of $1,800.00 to the plaintiff.
It now becomes the problem to say whether defendant should have judgment over against third party defendants.
Defendant Williams had a contract to do certain work on a number of buildings at England Air Force Base. This contract required him to strip old roofing from these buildings, and he leased the small tractor for this phase of his work. However, he was not equipped to get the tractor to the roof nor, once there, getting it down again.
For this purpose, he engaged Mr. Tur-rentine by terms of what was admittedly a principal-independent contractor relationship.
The details of this oral engagement between Williams and Turrentine were very vague and indefinite, but the substance *710 thereof was stated by Mr. Turrentine on two occasions in his testimony.
“Q. And your understanding of your duties was what after you talked to Mr. Williams?
“A. To raise and lower the tractor that he had rented, to the roof tops of four buildings which he had a contract at England Air Force Base to reroof.
* * * * * *
“Q. Was it your job to get that tractor from the ground to the roof and from the roof back to the ground?
“A. Yes.”
The evidence shows that in these operations prior to the accident, an employee of defendant Williams would drive the tractor onto a lifting frame, secure it from rolling by putting it into gear, and then leaving the lifting and lowering entirely to employees of defendant Turrentine Company.
On the occasion of the accident, one Louis Valsane testified that he drove the tractor onto the frame and put it in gear. The tractor was lifted free of the roof and swung free of the building. At some point immediately thereafter, the tractor either rolled or slid from the frame, causing the damage complained of. On inspection after the accident, the tractor was found to be in neutral. Perhaps Valsane was in error when he stated that he had put the tractor in gear. On the other hand, perhaps he was correct when he said:
“ * * * it probably could a bounced out of gear you know, the impact when it fell off of the three story building, see.”
Regardless of which version was correct, when Valsane drove the tractor onto the lift and walked away from it, he left it under the sole control and jurisdiction of the employees of Turrentine. It then became their sole responsibility to safely lower this piece of equipment
 It is true that the separate negligence of the principal which contributes to the accident insulates the independent contractor from liability. But here there was no proof of such separate negligence. The entire control of the lowering operation having been vested in Turrentine, the sole responsibility for the negligence or un-skillfulness of his employees must be borne by him.
Therefore, for the reasons above assigned, the judgment of the trial court awarding damages in favor of plaintiff in the sum of $1,800.00 is affirmed.
The judgment dismissing defendants’ demand against the third party defendants is reversed, and judgment entered in favor of Edgar M. Williams and against Turren-tine Company, Inc., and Continental Insurance Company in the same terms as the award on the main demand.
Reversed in part, affirmed in part.
On Application for Rehearing.
En Banc. Rehearing denied.